UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 14-CR-0403(3) (PJS/FLN) |
| Plaintiff, | |
| v. | ORDER |
| TERRELL VONSHAY ROBERSON, | |
| Defendant. | |

David P. Steinkamp, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Scott Cody, TARSHISH CODY, PLC, for defendant.

Defendant Terrell Roberson pleaded guilty on May 22, 2015, to conspiring to distribute more than 280 grams of a mixture or substance containing a detectable amount of cocaine base. The Court ordered Roberson to be detained pending sentencing, in accordance with 18 U.S.C. § 3143(a). Roberson now moves the Court to reconsider its detention order and to permit him to remain free (although confined to his home) pending sentencing. The Court denies the motion.

Section 3143(a)(2) provides that the court "shall order" a defendant's detention pending sentencing when the defendant has been convicted of an offense under the Controlled Substances Act that carries "a maximum term of imprisonment of ten years or more," 18 U.S.C. § 3142(f)(1)(C), unless certain exceptions—not applicable here—are met. *See* 18 U.S.C. § 3143(a)(2). However, a defendant detained pursuant to § 3143(a)(2)

may nevertheless be released pending sentencing if he meets the requirements of 18 U.S.C. § 3145(c).

Section 3145(c) allows "[a] person subject to detention pursuant to section 3143(a)(2) . . . , and who meets the conditions of release set forth in section 3143(a)(1)" to be released, "if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." The "conditions of release set forth in section 3143(a)(1)" entail a finding "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . ." 18 U.S.C. § 3143(a)(1). In short, Roberson—who has pleaded guilty to an offense under the Controlled Substances Act that carries a maximum term of imprisonment of ten years or more—may be released pending sentencing only if two conditions are met: (1) there is clear and convincing evidence that he will not flee or pose a danger to others, and (2) there are clearly exceptional reasons why his detention would not be appropriate.

Roberson has not met either of these conditions. First, the Court cannot find by clear and convincing evidence that Roberson does not pose a danger to the safety of others or the community. Roberson has a long and violent criminal history. He has been charged with, among other crimes, assault with a dangerous weapon, discharge of a weapon, first-degree aggravated robbery, fifth-degree assault, criminal sexual

conduct, and carrying a weapon without a permit. He has been convicted of being a prohibited person in possession of a firearm (a felony) in 2005, evading a police officer in 2009, and delivery of cocaine (also a felony) in 2012. Imposing a condition of house arrest—or any other condition of release—will not sufficiently mitigate the danger that Roberson poses to the safety of others and the community. This alone requires Roberson's continued detention.

Second, Roberson has not clearly shown that there are exceptional reasons why his detention would not be appropriate. The Eighth Circuit has defined "exceptional reasons" as "clearly out of the ordinary, uncommon or rare." *United States v. Krantz*, 530 F. App'x 609, 610 (8th Cir. 2013) (per curiam) (citing cases). Roberson gives two reasons for seeking release. First, Roberson is needed to care for his grandmother, who is ill and requires frequent trips to the hospital. He has been his grandmother's primary caretaker because the rest of his family works full time. Second, Roberson is needed to help care for his young nephew, who has a "brain disability" that makes him unable to walk. This disability makes it difficult for his nephew's mother (Roberson's sister) to care for her son and keep a job.

The Court sympathizes with Roberson and admires his desire to help his family. As a general rule, however, family hardship—including the need to care for close family members—is not considered an "exceptional reason" that warrants pre-sentence

release.  *See, e.g.*, *United States v. Nickell*, 512 F. App'x 660, 661 (8th Cir. 2013) (per curiam) (defendant's caring for three young children and gainful employment were not exceptional reasons); *United States v. Velarde*, 555 F. App'x 840, 841 (10th Cir. 2014) (per curiam) ("[T]he cases establish that mere personal reasons, including caring for a family or gainful employment, are not 'exceptional.'" (collecting cases)).  Incarceration—whether before or after sentencing—commonly creates a hardship for the families of defendants.  Roberson's situation is not "exceptional."

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT defendant Terrell Vonshay Roberson's motion for release pending sentencing [ECF No. 190] is DENIED.

Dated:  July 13, 2015            s/Patrick J. Schiltz
                                 Patrick J. Schiltz
                                 United States District Judge