UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 14-CR-0403(3) (PJS/FLN) |
| | Case No. 18-CV-0261 (PJS) |
| Plaintiff, | |
| v. | |
| | ORDER |
| TERRELL VONSHAY ROBERSON, | |
| Defendant. | |

David P. Steinkamp, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Terrell Vonshay Roberson, pro se.

Defendant Terrell Vonshay Roberson pleaded guilty to conspiring to distribute more than 280 grams of cocaine base ("crack") and was sentenced to 120 months in prison (the mandatory minimum). Throughout the criminal proceedings, Roberson protested that he should be held responsible only for the amount of cocaine base that he personally sold. And throughout the proceedings, Roberson's attorneys, the prosecutor, and the Court repeatedly explained to Roberson that, under the law, he could be held responsible not only for the cocaine base that he personally sold, but also for the cocaine base that his coconspirators sold in furtherance of the conspiracy, as long as those sales were known or reasonably foreseeable to Roberson.

Roberson has now filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Predictably, Roberson argues that his counsel was ineffective

for failing to argue that Roberson could be held responsible only for the cocaine base that he personally sold. Needless to say, Roberson's attorney did not act ineffectively when he failed to advocate a position that was contrary to law, and thus Roberson's motion is denied.

I. BACKGROUND

Roberson entered into a conspiracy with members of a violent street gang to distribute cocaine base and heroin in the Minneapolis/St. Paul metropolitan area, as well as in Duluth and St. Cloud, Minnesota, and Fargo, North Dakota. Roberson and six of his coconspirators were charged with various drug and firearms offenses in a 31-count third superseding indictment. ECF No. 109. Roberson was charged with one count of conspiring to distribute cocaine base, five counts of distributing cocaine base, one count of distributing heroin, and one count of being a felon in possession of a firearm. *Id.*

All of the defendants pleaded guilty to drug or firearms offenses. Roberson was no exception. On May 22, 2015, Roberson appeared before the Court and pleaded guilty to Count 1 of the third superseding indictment, which charged Roberson and his codefendants with conspiring to distribute 280 grams or more of a mixture or substance containing a detectable amount of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii), and 846. ECF No. 159. In return, the government agreed to dismiss the

other counts against Roberson and not to file an information under 21 U.S.C. § 851(a), which could have led to imposition of a mandatory life sentence. Plea Agreement ¶ 1.

In his plea agreement, Roberson stipulated that from at least January 2013 through January 2015, he conspired with others to distribute cocaine base in Minnesota and North Dakota, and Roberson agreed that he personally had distributed cocaine base on a number of occasions. *Id.* ¶ 3(a), (e). Roberson also agreed that, "[i]n total . . . he and other coconspirators distributed or aided in the distribution of more than 280 grams . . . of a mixture and substance containing a detectable amount of cocaine base . . . ." *Id.* ¶ 3(f). At the change-of-plea hearing, Roberson testified under oath that he had read the plea agreement, that his attorney had explained everything in the plea agreement to him, and that his attorney had answered all of his questions about the plea agreement. ECF No. 340 at 15.

The prosecutor also summarized the plea agreement at the hearing, and specifically mentioned that "[b]ased upon the weight of the cocaine base involved in the conspiracy, the parties have agreed that it's at least 280 grams . . . ." *Id.* at 17. Later in the hearing, the prosecutor had the following exchange with Roberson:

> Q. Do you agree that total, everything that was sold—it doesn't have to be on a particular day, but within the time frame of the conspiracy—there was at least 280 grams of crack that was sold? You agree with that, right?

>   A. Yes.
>
>   Q. You understand that in order to come to that all of the crack that was ever sold by you or anybody you conspired with can be added together? You understand that? Your attorney explained that to you?
>
>   A. You said what again?
>
>   Q. It can all be added together. It can be taken and accumulated together. So there can be more than 280 grams. It doesn't just have to be you selling it. It can be other people that you're agreeing with. Do you understand that? Do you agree that it's at least 280 grams?
>
>   A. Yes. I guess. Yeah.

*Id.* at 27. The Court also personally confirmed with Roberson that "he sold crack, and that the total amount that he and other people that were in the same conspiracy have sold was over 280 grams." *Id.* at 28. Roberson confirmed that the Court's statement was true. *Id.*

Within a month after the plea hearing, however, Roberson begin to suffer pleader's remorse. He sent a pro se letter to the Court in which he admitted that he had committed crimes and said that he had "no problem owning up to the part I played"—but, he said, "everything that was stated [at the change-of-plea hearing] was not accurate." ECF No. 180 at 1. In response, the Court wrote to Roberson's attorney, asked him to meet with Roberson, and asked him to inform the Court whether

Roberson was seeking to withdraw his plea and which of the statements made at the change-of-plea hearing Roberson claimed were not accurate. ECF No. 181. Roberson's attorney responded to the Court's letter a few days later. He reported that he had met with Roberson and that Roberson did not wish to withdraw his plea. ECF No. 182. He also conveyed three clarifications that Roberson wished to make regarding his role in the conspiracy. *Id.*

Three months later, Roberson sent another pro se letter to the Court. ECF No. 221. In it, Roberson again admitted that he had sold drugs, but objected to being held responsible for the drugs sold by his coconspirators:

> I understand that I made a poor decision to sell drugs. I take full responsibility for that. And being that I got caught I'm asking you to punish me for that, not because of what anyone else has done. That has absolutely nothing to do with me.
>
> . . . In my discovery it says the only evidence that the prosecution have specifically on me is 19.5 grams. Your Honor, thats very far from the 280 grams they say they have. By law 280 grams of cocaine based substance carry a mandatory 10 years. But I question how is it exactly 280 grams. Why couldn't it be more or less.

*Id.* at 1 (errors in original).

In response, the Court forwarded Roberson's letter to his attorney, asked him to again meet with Roberson, and asked him to clarify what Roberson was asking of the Court. ECF No. 222. After meeting with Roberson, defense counsel wrote to the Court,

said again that Roberson did not wish to withdraw his plea, and explained that Roberson felt that the ten-year mandatory minimum sentence that he was facing was "not proportional to his actions." ECF No. 224. Roberson's attorney explained: "Mr. Roberson understands that activities he was not personally involved with may be considered in a conspiracy case, but he wants the Court to know the part he played." *Id.*

Roberson continued to send pro se communications to the Court. Shortly before Roberson was scheduled to be sentenced, he sent various documents to the Court, including two pages of his presentence report ("PSR"). Paragraph 35 of that report noted that law enforcement had recovered a total of 104.993 grams of cocaine base from Roberson and his coconspirators. Next to this paragraph, Roberson wrote: "This is the amount of drugs they got so where does 280 grams come in place." ECF No. 328-1 at 1. A few days later, Roberson sent a pro se letter to the Court asking to withdraw his guilty plea. Once again, Roberson objected to being held responsible for 280 grams of cocaine base when "all the evidence they have on us as a hold [sic] is 105 grams." ECF No. 336 at 1.

On April 7, 2016, the Court held a hearing on Roberson's request to withdraw his plea. At that hearing, Roberson's attorney explained that, although Roberson continued to concede that he had committed crimes, Roberson did not believe that he should be

held responsible for 280 grams of crack cocaine. ECF No. 348 at 13. In response, the Court made the following comment:

> I don't know how many times the three of us have explained to Mr. Roberson [that] what matters is not the amount of drugs that he personally sold, it's the amount of drugs the entire conspiracy sold. And what matters is not how much actual drugs in hand the law enforcement found, because it's highly unlikely any jury is going to believe that the conspirators only happened to sell the drugs the law enforcement found and not one ounce beyond that; rather, it's whatever drugs the government can show the whole conspiracy did.

*Id.* at 14-15. In response, Roberson's attorney said that he had discussed "exactly those points" with Roberson "many times prior to his plea" and "after his plea." *Id.* at 15. But, Roberson's attorney said, "the more I would speak with Mr. Roberson the more he would appear not to understand what we were discussing." *Id.* at 16.

Although both the Court and the government expressed skepticism about Mr. Roberson's apparent claim that he could not understand any of the explanations that he had received about why he could be held responsible for 280 grams of cocaine base, the Court said that it was inclined to err on the side of caution and order that Roberson's competency be evaluated. *Id.* at 23. Roberson also informed the Court that he wished to discharge his retained attorney, but that he could not afford to hire an attorney to replace him. The Court appointed a new attorney to represent Roberson.

ECF No. 343. The Court deferred a decision regarding a competency evaluation until Roberson could consult with his new attorney. *Id.*

On June 29, 2016, Roberson's new attorney moved for a psychiatric examination under 18 U.S.C. § 4241 to determine Roberson's competency. ECF No. 351. Roberson's attorney reported that he had met with Roberson on at least four occasions and that Roberson had "consistently stated that he is unable to comprehend the nature of the proceedings lodged against him." *Id.* The Court granted the motion, ECF No. 352, and Roberson was transported to the Federal Detention Center in Englewood, Colorado to be evaluated.

Following thorough observation, testing, and interviewing, the evaluators reported that Roberson was malingering—that is, "intentional[ly] produc[ing] . . . false or grossly exaggerated psychological or physical symptoms." Evaluation at 11-12. According to the evaluators:

> Consideration of the reported symptoms, observations throughout the evaluation period, review of legal and mental health records, and the results of the formal assessment measures indicate Mr. Roberson was attempting to present his psychological functioning as significantly worse than it actually is. In particular, his reports of both cognitive and psychotic symptoms did not appear consistent with his presentation, [with his] reported history, or with the known presentation of such symptoms.

Evaluation at 12. A review of the evaluation leaves little doubt that Roberson was not only faking, but doing a very poor job of it.

The evaluators concluded that there was no evidence that Roberson suffered from any kind of impairment of his ability to understand the nature and consequences of the court proceedings against him or his ability to assist counsel in his defense. Evaluation at 24. After discussing the report with his attorney, Roberson dropped any contention that he was incapable of understanding the proceedings against him or assisting in his own defense.

On April 11, 2017, Roberson was sentenced to the mandatory minimum of 120 months' imprisonment. ECF No. 378. Roberson did not appeal.

## II. ANALYSIS

Roberson now moves under 28 U.S.C. § 2255 to vacate his sentence, arguing that his "counsel was clearly ineffective." ECF No. 436 at 7. The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 685-86 (1984). To prevail on a claim of ineffective assistance of counsel, a defendant must establish that his counsel's performance "fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for [his] counsel's . . . errors, the result of the proceeding would have been different." *Id.* at 688, 694. In other words, the defendant "must show that his lawyer's

performance fell below the minimum standards of professional competence (deficient performance) and that there is a reasonable probability that the result of the proceedings would have been different if his lawyer had performed competently (prejudice)." *Covington v. United States*, 739 F.3d 1087, 1090 (8th Cir. 2014) (citation omitted).

Roberson argues that "counsel was ineffective prior to Mr. Roberson entering his plea where, counsel did not investigate and bring to the Court attention the correct drug quantity, and negotiate a plea agreement based on the correct drug amount[.]" ECF No. 436 at 8 (errors in original). Roberson does not contest that the *conspiracy* involved more than 280 grams of cocaine base. *See id.* at 10.[1] But, he says, he "did not enter the Drug conspiracy until seven months before [he] was charged with this case," and therefore he could not be "charged with a drug quality [sic] for the entire length of the conspiracy." *Id.* He argues that his attorney "mislead [sic]" him by telling him that "he could be charged with a drug quality [sic] that he had nothing to do with, because he has some dealing with his co-defendants." *Id.* As for prejudice, Roberson argues that, but for his counsel's errors, he would not have been subject to the 120-month

---

[1]*See also* Plea Agreement ¶ 3(f) (stipulating and admitting that he and his coconspirators "distributed or aided in the distribution of more than 280 grams . . . of a mixture and substance containing a detectable amount of cocaine base"); ECF No. 340 at 27 (admitting that "at least 280 grams of crack" were sold "within the time frame of the conspiracy").

mandatory minimum sentence.  Roberson asks that he "be re-sentencing to the proper drug amount."  *Id.*

Roberson's argument is meritless.  To begin with, Roberson's assertion that he did not join the conspiracy until seven months before he was arrested is contradicted by the plea agreement, in which Roberson stipulated that "[f]rom at least January 2013 through January 2015, [Roberson] conspired with others to distribute crack cocaine . . . ."  Plea Agreement ¶ 3(a).  Roberson also admitted during his plea colloquy that he and his coconspirators sold at least 280 grams of cocaine base "within the time frame of the conspiracy."  ECF No. 340 at 27.  Finally, the PSR asserted that Roberson had personally sold drugs to confidential informants on a number of occasions, with the first such sale occurring on December 27, 2013 and the last on January 6, 2015—a period of far more than seven months.  PSR ¶ 35.  Roberson did not object to those assertions, and they were adopted as the findings of this Court.  Taken together, these admissions establish that Roberson was part of the conspiracy for at least two years and that Roberson and his coconspirators sold more than 280 grams of cocaine base during that period of time.

Even if it were true that Roberson was a member of the conspiracy for only seven months, it would not matter.  As Roberson has been told repeatedly, his attorney was correct in informing him that he could be held responsible for drugs that "he had

nothing to do with." The law on this point is clear. "For § 841(b) purposes, a defendant may be held responsible for any drugs 'possessed and sold by [his coconspirators]'"—even if those drugs were possessed and sold *before* the defendant joined the conspiracy—as long as the sale of those drugs was "(1) in furtherance of the conspiracy and (2) . . . either known to [the defendant] or . . . reasonably foreseeable to [the defendant]." *United States v. Foxx*, 544 F.3d 943, 953 (8th Cir. 2008) (quoting *United States v. Ellerman*, 411 F.3d 941, 948 (8th Cir. 2005)).² And that includes *all* such drugs, not just the fraction of the drugs seized by law enforcement.

Roberson has never claimed—nor could he credibly claim, given the admissions that he made and the other evidence in the case—that he did not know or reasonably foresee that his coconspirators had been selling large quantities of cocaine base before and during the time that he was part of the conspiracy. Roberson has also never claimed—nor could he credibly claim—that those drugs sales were limited to the 105 grams of cocaine base that law enforcement seized. (Those 105 grams represented just the cocaine base sold by members of the conspiracy to confidential informants in

---

²For Guidelines purposes, Roberson cannot be held responsible for drugs sold by his coconspirators before he entered the conspiracy. *See* U.S.S.G. § 1B1.3, cmt. app. n.3(B) ("A defendant's relevant conduct does not include the conduct of members of a conspiracy prior to the defendant joining the conspiracy, even if the defendant knows of that conduct . . . ."). That is irrelevant, however, as Roberson was sentenced to the mandatory minimum under § 841(b)(1)(A)(iii). The Guidelines had no impact on his sentence.

the city of St. Cloud, which was by far the smallest of the four metropolitan areas in which the conspiracy operated. PSR ¶ 35.) And Roberson has never claimed—nor could he credibly claim—that those drug sales were not in furtherance of the conspiracy.

In short, Roberson's attorney was not ineffective in refusing to argue (as Roberson now argues in his § 2255 motion) that Roberson could be held responsible only for the 19.5 grams of cocaine base that he sold—or the 105 grams of cocaine base that the conspiracy sold—to confidential informants in the city of St. Cloud. As Roberson's attorneys explained to him many times, such an argument would have been fruitless, as it would have been contrary to law and to the overwhelming weight of the evidence. Instead, Roberson's attorney negotiated a favorable plea agreement under which his client was spared a mandatory life sentence. For these reasons, the Court denies Roberson's motion to vacate his sentence on grounds of ineffective assistance of counsel.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Terrell Vonshay Roberson's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [ECF No. 436] is DENIED.

2. No certificate of appealability will be issued.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: December 4, 2018         s/Patrick J. Schiltz
                                Patrick J. Schiltz
                                United States District Judge