UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,   Case No. 14-CR-0403(3) (PJS/FLN)

Plaintiff,

v.   ORDER

TERRELL VONSHAY ROBERSON, a/k/a
Get Right, a/k/a Can't Get Right, a/k/a Slim,

Defendant.

Terrell Vonshay Roberson, pro se.

Defendant Terrell Vonshay Roberson pleaded guilty to conspiring to distribute more than 280 grams of cocaine base ("crack cocaine") and was sentenced to 120 months in prison. This matter is before the Court on essentially three motions by Roberson: (1) a motion for a sentence reduction under § 404 of the First Step Act of 2018; (2) a second or successive motion under 28 U.S.C. § 2255 attacking his conviction and sentence; and (3) a motion for appointment of counsel to assist him with the other two motions. ECF Nos. 547, 548, 549.

As to the first motion: Roberson argues that his sentence should be reduced pursuant to § 404 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, 5222. Section 404 provides for retroactive application of the Fair Sentencing Act of 2010 to defendants who committed certain drug offenses prior to August 3, 2010. Among other

things, the Fair Sentencing Act increases the quantity of crack cocaine necessary to trigger a ten-year mandatory minimum term of imprisonment from 50 grams to 280 grams. Pub. L. No. 111-220, 124 Stat. 2372, 2372.

Roberson is ineligible for relief under the First Step Act for two reasons: First, he pleaded guilty in 2015 to distributing crack cocaine "beginning in or about July 2013." ECF Nos. 109, 159. Thus, the Fair Sentencing Act was in effect when Roberson committed his crime (and was sentenced), so Roberson has already received any benefit to which he was entitled under the Act. Second, Roberson pleaded guilty to conspiring to distribute more than 280 grams of crack cocaine and was sentenced to a ten-year term of imprisonment. Even as amended by the Fair Sentencing Act, the statute under which Roberson was convicted—21 U.S.C. § 841(b)(1)(A)—provides a ten-year mandatory-minimum term of imprisonment for conspiring to distribute 280 grams or more of crack cocaine. In other words, Roberson has already received the lowest sentence permitted

under the Fair Sentencing Act.[1] His motion for a sentence reduction under the First Step Act is therefore denied.

As to the second motion: Roberson seeks to bring a second or successive motion under 28 U.S.C. § 2255 attacking his conviction and sentence on various grounds.[2] To a substantial extent, Roberson simply rehashes arguments that he has made repeatedly (including in his first § 2255 motion, ECF No. 436) and that this Court has rejected repeatedly (including in its order denying Roberson's first § 2255 motion, ECF No. 505). Roberson may not renew those arguments—or make additional arguments—without getting the permission of the Eighth Circuit to bring a second or successive motion under § 2255. *See* 28 U.S.C. § 2255(h). Roberson has not done so, and thus his second or successive § 2255 motion is dismissed for lack of jurisdiction.

---

[1] Roberson makes various arguments regarding the quantity of crack cocaine attributable to the conspiracy (and therefore to him) for purposes of determining his eligibility for relief under the First Step Act. ECF No. 547 at 2-3. He argues that it would be inconsistent with *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 570 U.S. 99 (2013), to base his eligibility on the drug quantity alleged in the indictment. ECF No. 547 at 2. But the Court did not sentence Roberson based on the drug quantity alleged in the indictment; the Court sentenced Roberson based on the drug quantity to which he *admitted* in his plea agreement and again under oath at his change-of-plea hearing. Basing a sentence on a quantity of drugs to which the defendant has *admitted* is entirely consistent with *Apprendi* and *Alleyne*.

[2] Specifically, Roberson argues that: (1) the evidence against him was insufficient to establish a conspiracy; (2) the Court failed to make required factual findings regarding the quantity of crack cocaine attributable to him; and (3) he was deprived of due process because he received ineffective assistance of counsel. ECF No. 547 at 4.

As to the third motion: Because Roberson's first motion is frivolous and because this Court does not have jurisdiction to consider his second motion, the Court will not appoint an attorney to represent Roberson in connection with either motion.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT defendant Terrell Vonshay Roberson's motions [ECF Nos. 547, 548, 549] are DENIED.

Dated: November 12, 2019   s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge